Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-11-00097-CV

Dora **SERNA**,
Appellant

v.

**INTERNATIONAL BANK OF COMMERCE**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CVQ-000148-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

Appellant, Dora Serna, and appellee, International Bank of Commerce ("IBC") entered into negotiations involving Serna's purchase of three properties pursuant to an earnest money contract.  When the negotiations failed, Serna sued IBC for fraud and for violations of the Texas Deceptive Trade Practices Act. Less than two months after being sued, IBC filed a "Motion to Compel Arbitration and Stay Civil Proceedings."  On May 17, 2006, the trial court granted the motion.  Following the denial of her petition for writ of mandamus seeking to overturn the trial

court's order, Serna filed a "Demand for Arbitration with the American Arbitration Association." In her demand, Serna identified the "nature of the dispute" as "misrepresentations made in connection with the attempted purchase of real estate in Mexico. Texas Law applies." A hearing before the arbitration panel commenced on April 7, 2010, and on June 11, 2010, the panel denied all relief sought by Serna. Serna later moved to vacate the arbitration award, while IBC moved to confirm the award. The trial court affirmed the award and this appeal by Serna ensued. On appeal, Serna asserts the trial court erred in sending the case to arbitration and her constitutional right to a jury trial was violated. We affirm.

## MANDATORY ARBITRATION

In her first issue, Serna argues the arbitration provision contained in the earnest money contract was not mandatory. Serna relies on a single sentence in the arbitration provision that she contends allows the parties to seek either arbitration or judicial proceedings to resolve their disputes. In the alternative, Serna contends she and IBC agreed not to arbitrate her DTPA claim.

We interpret arbitration agreements under traditional contract principles. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). We examine and consider the entire writing in an effort to harmonize potential conflicts between differing provisions and give effect to all the provisions of the contract so that none will be rendered meaningless. *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999); *In re Premont Indep. Sch. Dist.*, 225 S.W.3d 329, 333 (Tex. App.—San Antonio 2007, orig. proceeding). No single provision taken alone will be given controlling effect. *In re Premont Indep. Sch. Dist.*, 225 S.W.3d at 333. If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). When a contract is not ambiguous, the

contract should be enforced as written. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000).

Here, the arbitration provision contained in the earnest money contract provides as follows:

ARBITRATION

The parties agree as follows:

(a)  Any arbitrable dispute (defined below) between The Parties shall be settled by arbitration, in accordance with the Commercial Arbitration Rules, then obtaining, of the American Arbitration Association.  . . .  The award of the arbitrators, or a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

(b)  "Arbitrable disputes" include any controversy or claim between The Parties including any claim based on contract, tort or statute, arising out or relating to [sic] transaction evidenced by this Contract and all past, present and future agreements involving The Parties, any transaction contemplated hereby, and any aspect of the past, present or future relationship of The Parties.

. . .

(e)  Any aggrieved Party shall serve a written notice of intention to arbitrate to any and all opposing Parties and to an American Arbitration Association office within the State of Texas within 365 days after [the] dispute has arisen.  A dispute is deemed to have arisen upon receipt of written demand or service of judicial process.  Failure to serve a notice of intention to arbitrate within the time specified above shall be deemed a waiver of the aggrieved Party's right to compel arbitration of such claim.  Such notice of intention to arbitrate may be informal and need not comply with Rule 6 of the American Arbitration Association.  The Parties agree that legal action regarding this agreement and any liabilities hereunder shall either be brought by arbitration, as described herein, or by judicial proceedings, but shall not be pursued in different or alternate forums.  The issue of waiver pursuant to this paragraph is an arbitrable issue.

. . . .

On appeal, Serna asserts the statement that "[t]he Parties agree that legal action regarding this agreement and any liabilities hereunder shall either be brought by arbitration, as described herein, or by judicial proceedings" indicates arbitration was not mandatory and either party could

elect to resolve their dispute in a judicial proceeding. Alternatively, Serna contends this sentence renders the arbitration provision ambiguous, and therefore, unenforceable. We disagree with both arguments.

Paragraph (a) unambiguously mandates that any "arbitrable dispute" "shall be settled by arbitration." Paragraph (b) broadly defines "arbitrable dispute" to include "any claim based on contract, tort or statute" that arises out of or relates to the transaction evidenced by the earnest money contract. Paragraphs (a) and (b), therefore, require that any contractual, tort-based, or statutory claim arising out of or related to the earnest money contract must be submitted to arbitration. The sentence in paragraph (e) on which Serna relies may be harmonized with this mandate because paragraph (e) addresses the resolution of any dispute other than one arising out of or related to the earnest money contract, arising in contract, tort or statute, and provides that any other such dispute may be brought by arbitration or by judicial proceedings, so long as the dispute is not pursued in different or alternate forums. Because Serna does not contend her claims against IBC are not within the scope of an "arbitrable dispute" as that term is defined in the agreement, paragraph (a) requires that the dispute be settled by arbitration. To hold otherwise, would render paragraph (a) meaningless.

As to Serna's argument that she and IBC agreed not to arbitrate whether the bank violated the DTPA, Serna relies on the following clause, which is contained in a section entitled "DISCLAIMER, WAIVER OF CLAIMS, AND INDEMNIFICATION":

> To the extent applicable and permitted by law (and without admitting such applicability), [Serna] hereby waives the provisions of the Texas Deceptive Trade Practices-Consumer Protection Act, Chapter 17, Subchapter E, Sections 17.41 through 17.63 inclusive (other than Section 17.555, which is not waived).

Contrary to Serna's contention on appeal, this provision does not evidence an agreement between the parties that DTPA claims will not be subject to arbitration. Instead, this clause addresses Serna's waiver of her right to bring a DTPA claim.[1]

## RIGHT TO A JURY TRIAL

In her final issue, Serna asserts the trial court erred in compelling arbitration because she did not agree to mandatory arbitration and she did not waive her constitutional right to trial by jury.

As we concluded above, the arbitration provision contained in the earnest money contract was mandatory. There is no dispute Serna signed the earnest money contract that contained this provision, that she filed her own "Demand for Arbitration with the American Arbitration Association," and that she fully participated in the arbitration proceeding. Therefore, the record does not support Serna's contention that she did not agree to mandatory arbitration. *See Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (Texas law presumes a party who signs a contract has read it and knows of its contents).

Serna's argument that arbitration deprived her of her constitutional right to a jury trial also lacks merit. When, as here, a party agrees to have a dispute resolved through arbitration rather than a judicial proceeding, that party has waived its right to a jury trial. *Massey v. Galvan*, 822 S.W.2d 309, 318 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding appellants could not claim they were entitled to jury trial after they submitted to arbitration and arbitrators made an award appellants felt was in error).

---

[1] We do not address the propriety or enforceability of this waiver clause because that issue is not before us.

## CONCLUSION

We overrule Serna's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice