

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00804-CV

**LONE STAR BAKERY, INC.** and Lone Star Bakery of San Antonio, Inc.,
Appellants

v.

Tomas **DE LA GARZA**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13819
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  August 27, 2014

REVERSED AND REMANDED

Appellants Lone Star Bakery, Inc. and Lone Star Bakery of San Antonio, Inc. (collectively

the Bakery) hired Appellee Tomas De La Garza.  When it hired De La Garza, the Bakery required

him to agree to arbitrate any disputes.  After De La Garza sued for an on-the-job injury, the Bakery

moved to compel arbitration.  De La Garza argued the arbitration agreement was void because it

was subject to unilateral modification clauses which made the agreement illusory.  The trial court

denied the Bakery's motion, and the Bakery appeals.  We conclude the arbitration agreement is

valid and enforceable.  We reverse the trial court's order and remand this cause with instructions.

## BACKGROUND

When the Bakery hired De La Garza, it required him to sign at least two documents: (1) an Election of Benefits and Arbitration Agreement, and (2) an Employee's Acknowledgement Form. Sometime later, De La Garza was injured in a workplace accident. He sued the Bakery for damages and demanded a trial by jury in district court.[1]

The Bakery moved the trial court to compel arbitration. The Bakery proffered the Election of Benefits and Arbitration Agreement which De La Garza signed, asserted De La Garza agreed to arbitrate any claims against it, and insisted the arbitration agreement was enforceable as written.[2]

De La Garza responded by challenging the validity of the arbitration agreement. To show its invalidity, he recited an excerpt from the Election of Benefits and Arbitration Agreement: "This Plan provides that it may be amended, modified, or terminated at any time by the Employer." He contended that because the Bakery retained the right to change policies, rules, and benefits—including the arbitration agreement—at the Bakery's sole discretion, the arbitration agreement was void.

After a hearing, the trial court denied the Bakery's motion to compel arbitration and stay proceedings, and the Bakery appealed. We begin with the standard of review and applicable law.

## STANDARD OF REVIEW

"Whether an arbitration agreement is enforceable is [a question of law] subject to de novo review." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)). "'A trial court that refuses to

---

[1] On the same day he filed his lawsuit, De La Garza also filed a demand for arbitration. Because we conclude the Election of Benefits and Arbitration Agreement is a valid agreement that binds the parties to arbitration, De La Garza's demand for arbitration is moot.

[2] The Bakery also argued that, by filing a demand for arbitration, De La Garza waived his right to contest the validity of the arbitration agreement. We conclude the arbitration agreement is enforceable; the Bakery's argument is moot.

compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion.'" *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010) (orig. proceeding) (per curiam) (quoting *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding) (per curiam)).

## APPLICABLE LAW

"A party seeking to compel arbitration must establish the existence of a valid arbitration agreement between the parties." *In re Odyssey Healthcare*, 310 S.W.3d at 422; *accord J.M. Davidson*, 128 S.W.3d at 227. If an employer seeks to compel arbitration in a dispute with its employee, the employer "must show the [arbitration] agreement meets all requisite contract elements" including sufficient consideration. *J.M. Davidson*, 128 S.W.3d at 228; *see Serna v. Int'l Bank of Commerce*, 357 S.W.3d 89, 91 (Tex. App.—San Antonio 2011, no pet.) ("We interpret arbitration agreements under traditional contract principles."). Sufficient consideration includes "[m]utual promises to submit all employment disputes to arbitration." *In re Odyssey Healthcare*, 310 S.W.3d at 424; *accord J.M. Davidson*, 128 S.W.3d at 228.

The employer's promise may be illusory if it reserves the right to change the terms of the arbitration agreement, or abrogate the agreement altogether, without the employee's consent. *Cf. In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002) (orig. proceeding). But an arbitration agreement is not illusory for lack of consideration if the employer cannot "avoid its promise to arbitrate by amending the provision or terminating it altogether." *In re Odyssey Healthcare*, 310 S.W.3d at 424; *accord In re Halliburton*, 80 S.W.3d at 569–70. If the arbitration agreement is valid and the dispute is within its scope, the trial court abuses its discretion by failing to compel arbitration and stay pending litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.021, .025(a) (West 2011); *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig.

- 3 -

proceeding) (per curiam); *Nabors Drilling USA, LP v. Pena*, 385 S.W.3d 103, 109 (Tex. App.—San Antonio 2012, pet. denied).

Having reviewed the applicable law, we consider whether the arbitration agreement is valid and enforceable.

**DOCUMENTS AT ISSUE**

Before we address validity, we identify the relevant documents and relate the language at issue here. There are five relevant documents: two De La Garza signed and three he received without signing. By signing the Employee's Acknowledgement[3] Form, he agreed to certain terms and acknowledged he received a Dispute Resolution Program and an Employee Handbook. By signing the Election of Benefits and Arbitration Agreement, he agreed to other provisions and acknowledged he received an Employee Safety Program Summary Plan Description. We turn first to the Election of Benefits and Arbitration Agreement.

**A.      Election of Benefits and Arbitration Agreement**

The Election of Benefits and Arbitration Agreement is a four-page document consisting of four numbered paragraphs and a signature block. Paragraphs numbered 2 and 3 are not at issue here.[4] Paragraph 1 is titled "Definitions" and includes the following:

> "The Agreement" means this Election of Benefits and Arbitration Agreement.
>
> "The Employer" means Lone Star Bakery, Inc., its employees, officers, agents, and representatives.
>
> . . .
>
> "The Plan" means the Employee Safety Program Benefit Plan. The Plan and the Summary Plan Description of the Plan are attached to the Agreement. They describe the benefits of the Plan and the conditions under which such benefits are

---

[3] We use the document's spelling.

[4] Paragraph 2 notifies the employee that the Bakery is not a TWCA subscriber, and the employee is not entitled to benefits under the TWCA. Paragraph 3 states the employee is electing to be covered by the Employee Safety Program Benefit Plan.

provided. This Plan provides that it may be amended, modified, or terminated at any time by the Employer.

Paragraph 4, titled "Arbitration," spans three pages; it includes the following:

A. It is agreed that any and all disputes, claims, (whether tort, contract, statutory or otherwise) and/or controversies which relate, in any manner, to this Agreement, the Plan, or to Employee's employment with Employer shall be submitted to final and binding arbitration. The claims covered by this agreement to arbitrate include, but are not limited to those which relate to the following:

(i) The formation, application, and interpretation of the Agreement;

. . . .

E. This Agreement to arbitrate shall survive the termination of employee's employment. It can only be revoked or modified by a writing signed by the parties, which specifically states an intent to revoke or modify this Agreement.

It is undisputed that De La Garza signed the Election of Benefits and Arbitration Agreement.[5]

## B. Employee's Acknowledgement Form

De La Garza also signed an Employee's Acknowledgement Form. It is a one page form consisting of six numbered paragraphs and a signature block. Paragraph 3 states the following:

Due to the nature of company operations and variations necessary to accommodate individual situations, the provisions of the Employee Handbook may not apply to every employee situation. The [Bakery] reserves the right to rescind, modify or deviate from the Employee Handbook as it considers appropriate in its sole discretion, either in individual or company-wide situations with or without notice.

By executing the form, De La Garza acknowledged receipt of copies of the Employee Handbook and the Dispute Resolution Program.[6]

---

[5] The Election of Benefits and Arbitration Agreement expressly invokes the Federal Arbitration Act, and the parties do not dispute the FAA's applicability.

[6] The Dispute Resolution Program is a self-described "Arbitration Agreement" with provisions pertaining to arbitration. The parties agree the Dispute Resolution Program is a second arbitration agreement.

## C.     Ambiguity

Neither party argues the documents are ambiguous.  We agree the documents' language pertaining to arbitration is not ambiguous because it is not susceptible "to 'two or more reasonable interpretations after applying the pertinent rules of construction.'"  *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding).  We construe the arbitration agreement as a matter of law.  *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *Serna*, 357 S.W.3d at 91.

We turn to the questions before us.

### VALIDITY OF ARBITRATION AGREEMENT

In its motion to compel arbitration, the Bakery did not proffer the Dispute Resolution Program to the trial court; it presented only the Election of Benefits and Arbitration Agreement as the basis to compel arbitration.  Because the overarching question in this appeal is whether the trial court erred by denying the Bakery's motion to compel arbitration, we consider each of the bases De La Garza proffered to deny the Bakery's motion.[7]

In his response to the Bakery's motion, De La Garza argued the arbitration agreement was invalid because the Agreement is part of the Plan and a clause allows the Bakery to unilaterally modify the Plan.  He also argued the Employee Acknowledgement Form includes a unilateral modification clause that applies to the Agreement and likewise makes it void.  He also contended none of the documents contain a *Halliburton* savings clause.  *See In re Halliburton*, 80 S.W.3d at 569–70.

---

[7] De La Garza did not concede, but did not argue to the trial court, and does not assert on appeal, that his claims were outside the scope of the arbitration agreement. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (addressing scope of arbitration).

## A.      Arbitration Agreement Subject to Unilateral Modification Clauses

To show the Agreement is void, De La Garza argues it is not a stand-alone document, and its arbitration agreement is subject to two separate unilateral modification clauses.

### 1.       *Unilateral Modification Clause in Election of Benefits and Arbitration Agreement*

De La Garza cites the following clause from the definitions paragraph in the Election of Benefits and Arbitration Agreement:

> "The Plan" means the Employee Safety Program Benefit Plan.  The Plan and the Summary Plan Description of the Plan are attached to the Agreement.  They describe the benefits of the Plan and the conditions under which such benefits are provided.  *This Plan provides that it may be amended, modified, or terminated at any time by the Employer.*

(Emphasis added).  He insists this right to amend, modify, or terminate clause gives the Bakery a unilateral right to modify the Election of Benefits and Arbitration Agreement because the Agreement was incorporated into the Plan.  *Cf. In re Halliburton*, 80 S.W.3d at 569–70.

### 2.       *Unilateral Modification Clause in Employee Acknowledgement Form*

De La Garza also cites the following clause in the Employee's Acknowledgement Form:

> The Company reserves the right to rescind, modify or deviate from the Employee Handbook as it considers appropriate in its sole discretion, either in individual or company-wide situations with or without notice.

He argues this clause applies to the Agreement and gives the Bakery the unilateral right to modify the terms of arbitration without notice to him.

## B.      *Halliburton* Savings Clause

Despite these arguments, we need not decide whether one or both of the unilateral modification clauses applies to the Agreement because the Agreement contains a *Halliburton* savings clause.  *See In re Halliburton*, 80 S.W.3d at 567.

*1.*     In re Halliburton

In *In re Halliburton*, an employee sued Halliburton for wrongful demotion. *Id.* at 568. Halliburton's dispute resolution program included an arbitration provision, but the employee argued "Halliburton's promises were illusory because the company retained the right to modify or discontinue the Program." *Id.* at 569. The trial court denied Halliburton's motion to compel arbitration, and the court of appeals denied its petition for writ of mandamus. *Id.* at 567.

But the Texas Supreme Court conditionally granted Halliburton's petition for writ of mandamus. *Id.* at 573. The court explained, despite the unilateral modification clause in the Program,

> the Program also provided that "no amendment shall apply to a Dispute of which the Sponsor [Halliburton] had actual notice on the date of amendment." As to termination, the plan stated that "termination shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination." Therefore, Halliburton cannot avoid its promise to arbitrate by amending the provision or terminating it altogether. Accordingly, the provision is not illusory.

*Id.* at 569–70 (alteration in original).

*2.     Savings Clause in the Agreement*

Here, the plain language in subparagraph 4.E. states the following:

> This Agreement to arbitrate . . . can only be revoked or modified by a writing signed by the parties, which specifically states an intent to revoke or modify this Agreement.

This language has the same effect as the savings clause in *Halliburton*: it prevents the Bakery from modifying or revoking the Agreement retroactively or without notice. *See id.* It goes further and requires De La Garza's written consent. *Cf. id.*

We conclude this clause is a *Halliburton*-type savings clause, and even if one or both of the unilateral modification clauses were applicable to the Agreement, this savings clause would prevent the Bakery's promise to arbitrate from being illusory. *See id.*

## C.       Alleged Invalidity for Limitation Period

De La Garza also argued the arbitration agreement is void because it has a limitation period shorter than two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a) (West 2008) ("A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state."); *In re Poly-Am., L.P.*, 262 S.W.3d 337, 359 (Tex. 2008) (orig. proceeding).

This argument provides no basis for the trial court to deny the motion to compel arbitration. The clause De La Garza complains of is in the Dispute Resolution Program, but the Bakery moved to compel arbitration solely on the arbitration agreement in the Election of Benefits and Arbitration Agreement, not on the Dispute Resolution Program. Further, under the Federal Arbitration Act, an arbitration agreement is severable. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006); *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 186 (Tex. 2009) (orig. proceeding). Even assuming *arguendo* all the documents formed a single contract, the arbitration agreement in the Election of Benefits and Arbitration Agreement would be severable and would remain in effect. *See Buckeye*, 546 U.S. at 445; *In re Morgan Stanley*, 293 S.W.3d at 186.

De La Garza's statute of limitations argument was not a proper basis for the trial court to deny the Bakery's motion.

CONCLUSION

To become the Bakery's employee, De La Garza signed several documents including an Election of Benefits and Arbitration Agreement. That arbitration agreement bound him and the Bakery to arbitrate tort claims between themselves. His claims against the Bakery for negligence are within the scope of claims the parties agreed to arbitrate. Even if we assume *arguendo* the Agreement is subject to either of the two unilateral modification clauses, the result is the same. The Agreement contains a *Halliburton* savings clause and De La Garza did not raise any other proper basis to challenge the Agreement's validity. Thus, the Agreement is valid.

Given a valid arbitration agreement with claims within its scope, we conclude the trial court abused its discretion by denying the Bakery's motion to compel arbitration. We reverse the trial court's order and remand this cause with instructions to the trial court to sign an order compelling arbitration between the parties and staying all other proceedings pending the outcome of arbitration.

Patricia O. Alvarez, Justice