**In re ODYSSEY HEALTHCARE, INC. and George Portillo, Relators.**

No. 09–0786.

Supreme Court of Texas.

May 7, 2010.

Gerard Fazio, R. Michael Perez, Owen & Fazio, P.C., Dallas, TX, for Relator.

Joseph Gabriel Isaac, Scherr & Legate, PLLC, El Paso, TX, for Real Party in Interest.

PER CURIAM.

In this negligence case, we must decide whether the trial court abused its discretion by refusing to grant the relator's motion to compel arbitration. We conclude that it did. Here, the real party in interest failed to prove a valid defense against enforcement of her agreement to arbitrate disputes with her employer. Accordingly, we conclude the trial court abused its discretion in failing to compel arbitration, and we conditionally grant the writ of mandamus.

Guadalupe Morales worked in El Paso for Odyssey Healthcare, Inc., which provides hospice care. Morales alleges that she was injured at work when she tripped on an uneven step at a patient's home. She sued Odyssey and her supervisor, George Portillo, for negligence.

Odyssey is a non-subscriber and, in lieu of workers' compensation insurance, it provided its workers with an "Occupational Injury Benefit Plan." Morales enrolled in this plan as a condition of her employment. Upon being sued, Odyssey moved to compel arbitration, relying on the arbitration clause contained in the plan.

The agreement between Morales and Odyssey provides in relevant part:

- All claims or disputes described below [including injury caused by negligence] that cannot otherwise be resolved between the Company and you are subject to **final and binding** arbitration. *This binding arbitration is the only method for resolving any such claim or dispute.* (emphasis in original)

- The Company is engaged in transactions involving interstate commerce ... and your employment involves such commerce. The Federal Arbitration Act will govern the interpretation, enforcement, and proceedings under this arbitration requirement.

- Unless otherwise agreed to in writing by the parties, the arbitrator selected by the parties ... shall be selected from a panel of arbitrators located in Dallas County, Texas.

- Adequate consideration for this arbitration requirement is represented by, among other things, your eligibility for (and not necessarily any receipt of) benefits under this Plan and the fact that it is mutually binding on both the Company and you.

- [T]he Company reserves the right to amend, modify, or terminate the Plan at any time; provided, however, that no such amendment or termination will alter the arbitration provisions incorporated into this booklet with respect to, or reduce the amount of any benefit payable to or with respect to you under the Plan in connection with, an Injury occurring prior to the date of such amendment or termination. In addition, any such amendment or termination of the arbitration provisions incorporated into this booklet shall not be effective until at least 14 days after written notice has been provided to you.

After a hearing, the trial court denied Odyssey's motion to compel arbitration. The court found that the arbitration provision forcing Morales to arbitrate in Dallas

was unconscionable.[1] The court of appeals denied Odyssey's petition for writ of mandamus. 310 S.W.3d 464 (Tex.App.-El Paso 2009).

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). A trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion. *See In re Halliburton Co.,* 80 S.W.3d 566, 573 (Tex.2002). A party seeking to compel arbitration must establish the existence of a valid arbitration agreement between the parties. *Cantella Co. v. Goodwin,* 924 S.W.2d 943, 945 (Tex.1996) (orig. proceeding) (per curiam). The party seeking to avoid arbitration then bears the burden of proving its defenses against enforcing an otherwise valid arbitration provision. *FirstMerit Bank,* 52 S.W.3d at 756. Morales does not dispute that her claims are covered by the agreement and subject to arbitration if the arbitration clause is valid and enforceable.

Morales asserts several grounds for why the arbitration clause here is invalid and unenforceable, including substantive unconscionability, a non-waiver provision of the Texas Workers' Compensation Act, a Tenth Amendment violation by the Federal Arbitration Act, and illusory promises or lack of mutual consideration. We address these arguments in turn.

First, we conclude that Morales failed to establish that the arbitration clause is unconscionable. Substantive unconscionability refers to whether the arbitration provision ensures preservation of the substantive rights and remedies of a litigant. *Halliburton,* 80 S.W.3d at 572. Morales contends the arbitration clause is unconscionable because it will force her to arbitrate in Dallas, and she will incur substantial expense by having to produce witnesses in Dallas. Testimony from an Odyssey representative showed that Odyssey intended to arbitrate all employee claims covered by this agreement in Dallas, and it had never agreed to arbitrate any claims elsewhere. Regardless, when a party contests arbitration due to substantial expense, that party bears the burden of proving the likelihood of incurring such costs, and must provide some specific information concerning those future costs. *See FirstMerit Bank,* 52 S.W.3d at 756 ("[T]here is no doubt that *some* specific information of future costs is required."). Here, the record fails to show any specific information or evidence about what costs Morales would likely incur. Her conclusory assertions about costs relating to witnesses and medical experts are thus "legally insufficient evidence that [Morales] would be denied access to arbitration based on excessive costs." *Id.* at 757. Moreover, nothing in the agreement requires the arbitration to occur in Dallas. The agreement simply provides that (absent agreement otherwise) the arbitrator must be selected from a Dallas panel of arbitrators. Finally, even if the arbitrator were to conduct arbitration in Dallas, and even if this would cause Morales to incur

---

1. The trial court also found unconscionable a provision in the agreement that employees must "allow an authorized representative of the Company to go with you to appointments with health care providers." However, in considering an arbitration clause, unconscionability "must specifically relate to the [arbitration clause] itself, not the contract as a whole, if [unconscionability is] to defeat arbitration." *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 756 (Tex.2001). Therefore, we express no opinion as to this determination of unconscionability, as it does not relate to whether to enforce the arbitration clause at issue.

substantial expense, the arbitrator may still "assess whether the cost provision in this case will hinder effective vindication of [the employee's] statutory rights and, if so, ... modify the contract's terms accordingly." *In re Poly–America, L.P.*, 262 S.W.3d 337, 357 (Tex.2008).

■ Next, Morales is incorrect that a certain non-waiver provision of the Texas Workers' Compensation Act defeats the arbitration provision. Texas Labor Code section 406.033(e), which applies to non-subscribers such as Odyssey, states: "A cause of action described in Subsection (a) may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action or any right described in Subsection (a) before the employee's injury or death is void and unenforceable."[2] However, we have held that section 406.033(e) does not render an arbitration agreement void. *In re Golden Peanut Co., LLC*, 298 S.W.3d 629, 631 (Tex.2009) (per curiam) ("[A]n agreement to arbitrate is a waiver of neither a cause of action nor the rights provided under section 406.033(a), but rather an agreement that those claims should be tried in a specific forum. Accordingly, section 406.033(e) does not render the arbitration agreement void." (internal citations omitted)).

■ Third, we conclude that the Federal Arbitration Act does not violate the Tenth Amendment by encroaching on a state power to enact and regulate its own workers' compensation system. The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST.

amend. X. The Tenth Amendment is a limitation "upon the power of Congress to override state sovereignty, even when exercising its otherwise plenary powers to ... regulate commerce." *Nat'l League of Cities v. Usery*, 426 U.S. 833, 842, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). The United States Supreme Court has stated that there are three requirements to show that a statute violates the Tenth Amendment: (1) a showing that the challenged statute regulates the states as states; (2) the federal regulation must address matters that are indisputable attributes of state sovereignty; and (3) it must be apparent that the states' compliance with the federal law would directly impair their ability to structure integral operations in areas of traditional government functions. *Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 287–88, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981). Even if all three are met, "[t]here are situations in which the nature of the federal interest advanced may be such that it justifies state submission." *Id.* at 288 n. 29, 101 S.Ct. 2352.

We have recognized that a state has a Tenth Amendment power to enact and regulate its own workers' compensation system, protecting workers' claims against employers. *Ruiz v. Miller Curtain Co., Inc.*, 702 S.W.2d 183, 185 (Tex.1985). However, we have also held that statutory claims under the Texas Workers' Compensation Act are arbitrable. *See Poly–America*, 262 S.W.3d at 352 ("An arbitration agreement covering statutory claims [including workers' compensation claims] is valid so long as the arbitration agreement does not waive substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory

---

**2.** Texas Labor Code section 406.033(a) refers to causes of action against a non-subscriber employer "to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment."

rights." (internal citation omitted)). Thus, we conclude that compliance with the Federal Arbitration Act would not "directly impair [Texas's] ability to structure integral operations in areas of traditional government functions," *Hodel,* 452 U.S. at 288, 101 S.Ct. 2352 (internal quotation omitted).

■■■■■■ Finally, Morales is incorrect that the arbitration provision lacks consideration and is illusory for lack of mutual obligation. Mutual promises to submit all employment disputes to arbitration is sufficient consideration for such agreements. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 228 (Tex.2003). Such mutual obligations existed here. Moreover, an arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether. *Halliburton,* 80 S.W.3d at 570. In *Halliburton,* we considered a very similar arbitration clause, which provided that "no amendment shall apply to a Dispute of which the Sponsor [Halliburton] had actual notice on the date of amendment," and that "termination shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination." *Id.* at 569–70. Here, too, the agreement provided that "no such amendment or termination [by Odyssey] will alter the arbitration provisions incorporated into this booklet with respect to, or reduce the amount of any benefit payable to ... you under the Plan in connection with, an Injury occurring prior to the date of such amendment or termination," and that "any such amendment or termination of the arbitration provisions incorporated into this booklet shall not be effective until at least 14 days after written notice has been provided to you." Thus, because of these limitations on Odyssey's right to amend or terminate the agreement, the arbitration agreement did not contain an illusory promise by Odyssey.

For these reasons, we conclude that the arbitration clause at issue was valid and enforceable, and the trial court abused its discretion by failing to grant Odyssey's motion to compel arbitration. Mandamus relief is appropriate because Odyssey has no adequate remedy by appeal. *See id.* at 573. Therefore, without hearing oral argument, TEX R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the trial court to vacate its prior order and grant Odyssey's motion to compel arbitration. We are confident the trial court will comply, and the writ will issue only if it fails to do so.