Opinion issued December 16, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-01048-CV

———————————

IN RE CHARLES
W. BISHOP, II, Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



MEMORANDUM OPINION

Relator, Charles W. Bishop, II, has filed a pro se petition for writ of
mandamus in this court.  See Tex.
Gov’t Code § 22.221 (Vernon 2004); see
also Tex. R. App. P. 52.  Relator complains that respondent* has not ruled on his “Declaration for
Entry of Default.”    

Mandamus relief is available only to correct a clear abuse of discretion
when there is no adequate remedy by appeal.  In re
Odyssey Healthcare, Inc., 310 S.W.3d 419, 422 (Tex. 2010); In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (“We grant the extraordinary relief of mandamus only when the
trial court has clearly abused its discretion and the relator lacks an adequate
appellate remedy.”).  We have previously
stated, “A party seeking mandamus relief must show that (1) the trial court had
a legal duty to act, (2) there was a demand for performance, and (3) there was
a refusal to act.”  In re Smith, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig.
proceeding) (citing Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979)).

When a motion is properly filed and pending before a trial court, the act
of giving consideration to and ruling on that motion is a ministerial act, and
mandamus may issue to compel the trial court to act.  See Safety–Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Eli Lilly and Co. v. Marshall,
829 S.W.2d 157, 158 (Tex. 1992).  To
establish that the trial court refused to rule on a pending motion, the relator
must provide a record demonstrating that he asked the trial court for a ruling
on his motion and that the trial court refused to rule.  See Barnes
v. State, 832 S.W. 2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding); see also Walker v. Packer,
827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  The trial court is not required to consider a
motion unless it is called to its attention. 
Smith, 263 S.W.3d at 96.  The mandamus record must show that the motion
was presented to the trial court and that the trial court refused to rule on it.
 See
In re Chavez, 62 S.W.3d 225, 228 (Tex. App—Amarillo 2001, orig. proceeding).  

According to relator, he filed his “Declaration for Entry of
Default” in the trial court on September 21, 2011.  He contends that he sent a letter to the
trial court on November 1, 2011 requesting that it rule on his Declaration for
Entry of Default.  Relator also asserts
that on November 14, 2011 he filed his “Motion Objecting to the Court’s Refusal
to Rule.”  Relator attaches copies of
these documents to his mandamus petition but does not provide a file-stamped copy
of these documents or any other documentation to show that his Declaration for
Entry of Default, or the other documents appended to his mandamus petition, have
been filed and are pending before the trial court.  Nor does the record show that the trial court
has actually been made aware of the Declaration for Entry of Default or refused
to rule on it, as relator claims.  See In re Davidson, 153 S.W.3d 490, 491
(Tex. App.—Amarillo
2004, orig. proceeding); see also Smith, 263 S.W.3d at 96; Barnes, 832 S.W. 2d at 426.  Lastly, we note that relator’s Declaration
for Entry of Default does not request the trial court to render a default
judgment or to grant any other affirmative relief to relator; rather, it simply
contains a statement or “declaration” by relator that the defendants in the
trial court have failed to answer or defend against his suit.  

All petitioners for writ of mandamus, including those acting pro
se, must furnish a record sufficient to support the claim for mandamus relief.  See Barnes,
832 S.W.2d at 426; see also Walker,
827 S.W.2d at 837.  Here, relator has not
provided us with a record showing that the trial court received a motion
requesting relief, was made aware of it, was asked to rule on it, and refused to
rule.  See Davidson, 153 S.W.3d at 491; see also Barnes, 832
S.W.2d at 426.  Accordingly, we deny the
petition for writ of mandamus.  See Tex.
R. App. P. 52.8(a).

 

 

                                                                                    Laura Carter Higley                                                                                             Justice

 

Panel
consists of Justices Keyes, Higley, and Massengale.











*           Respondent
is The Honorable Reece Rondon of the 234th District Court, Harris County,
Texas.  Relator informs us that this
original proceeding arises out of Cause No. 2011–39834, styled Charles
W. Bishop, II v. Bruce Robinson et. al, pending in the 234th District
Court, Harris County, Texas, the Honorable Reece Rondon, presiding.