Petition for Writ of Mandamus is DENIED; Opinion Filed February 13, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00022-CV

## IN RE DERICK DEWAYNE EVANS, Relator

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-10-01193-W

## OPINION

Before Justices Moseley, Francis, and Fillmore
Opinion By Justice Moseley

Derick Dewayne Evans seeks a writ of mandamus ordering the trial court to vacate two orders whereby it suspended him from office during the course of his appeal from a criminal conviction and appointed another person to perform his duties. We deny mandamus relief.

Evans served as a Dallas County constable until a jury convicted him of a felony offense. Upon his conviction, the trial judge rendered judgment removing Evans from office pursuant to section 87.031 of the Texas Local Government Code. After Evans filed a notice of appeal of his criminal conviction, the State petitioned the trial court to find that suspending Evans while his criminal appeal was pending was in the public interest. On August 6, 2012, the trial court held an evidentiary hearing at which the State re-offered all the evidence admitted at the guilt/innocence stage of Evans's criminal trial. The evidence was admitted without objection. After considering the

evidence presented, counsels' arguments, the Texas Local Government Code, and applicable statutes, the trial court issued an order stating it was in the public interest to suspend Evans pending the appeal of his criminal conviction (the August 6 Order). On August 13, 2012, the trial court issued an order appointing Cleophus R. Steele, Jr. to perform the duties of Evans's former office for the remainder of the term or until Evans is returned to office following a successful appeal of his conviction (the August 13 Order). The August 13 Order states a bond "in the amount of $5,000" shall be posted "in compliance with Local Government Code § 87.017." Evans challenges the August 6 Order and the August 13 Order.

Mandamus is appropriate if Evans establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *See In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

## AUGUST 6 ORDER

Evans concedes the trial court had the power to find it is in the "public interest" to suspend him during the pendency of his appeal. *See* TEX. LOC. GOV'T CODE § 87.032 (West Supp. 2012). However, Evans argues the trial court abused its discretion by failing to "specify the basis for the finding" the suspension is in the "public interest." Section 87.032 states:

> If the officer appeals the judgment, the appeal supersedes the order of removal unless the court that renders the judgment finds that it is in the public interest to suspend the officer pending the appeal. If the court finds that the public interest requires suspension, the court shall suspend the officer as provided by this chapter.

*Id..* Because the statute does not require the trial court to state its basis for determining that "it is in

the public interest to suspend" Evans pending his appeal, we decline to conclude the trial court abused its discretion by failing to do so.

## AUGUST 13 ORDER

Once the trial court found the public interest required Evans's suspension, the court was required to suspend Evans "as provided by this chapter." TEX. LOC. GOV'T CODE § 87.032. Section 87.017(b)[1] addresses suspension of an officer and temporary appointments; it states: "The judge may not suspend the officer until the person appointed to serve executes a bond, with at least two good and sufficient sureties, in an amount fixed by the judge and conditioned as required by the judge." *Id.* § 87.017(b) (West 2008). Evans complains the trial court did not comply with section 87.017 because the August 13 Order did not require Steele to execute the bond before Evans's suspension was effective, did not require the bond be backed by two or more good and sufficient sureties, set the bond at an "arbitrary" amount of $5,000, and did not impose any conditioning language on the bond.

By the time Evans filed this petition for mandamus, the bond was filed; thus, there is nothing for us to consider with respect to Evans's first complaint. Further, because the August 13 Order states the bond must be posted "in compliance with Local Government Code § 87.017"—which requires it be executed with two good and sufficient sureties—we cannot say the trial court abused its discretion by failing to specifically recite the requirement of section 87.017 that a bond be executed with at least two good and sufficient sureties. As to Evans's latter two complaints, asserting the amount of the bond is "arbitrary" and the bond lacks adequate conditioning language,

---

[1] Chapter 87 differentiates between civil and criminal removal proceedings. *In re Bazan*, 251 S.W.3d 39, 42 (Tex. 2008). Chapter 87 addresses civil removals by petition and trial in subchapter B. *Id.*; TEX. LOC. GOV'T CODE §§ 87.011-87.019 (West 2008 & Supp. 2012). Subchapter C "connects its removal proceeding directly to the criminal prosecution." *In re Bazan*, 251 S.W.3d at 42 (citing TEX. LOC. GOV'T CODE §§ 87.031-87.032). Although section 87.017 falls under subchapter B, section 87.032 (which falls under subchapter C) directs the trial court to "suspend the officer as provided by this *chapter*." TEX. LOC. GOV'T CODE § 87.032 (emphasis added). The relevant provision about suspensions in chapter 87 is section 87.017.

the statute allows the trial court to fix the amount of the bond and does not require the trial court impose a condition that the bond be payable to Evans if his conviction is reversed, as Evans urges us to conclude. *See id.* § 87.017. We decline to conclude the trial court abused its discretion based on the complaints Evans makes.

We deny the petition for writ of mandamus.

JIM MOSELEY
JUSTICE

130022F.P05

-4-