

# NUMBER 13-18-00142-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GARY ZARS HOLDING, LLC AND
GARY ZARS POOLS & PATIO, LLC,**                    **Appellants,**

**v.**

**DAREN WILDER AND DIANNE WILDER,**                    **Appellees.**

### On appeal from the 343rd District Court
### of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellants Gary Zars Holding, LLC and Gary Zars Pools & Patio, LLC (collectively, "Gary") appeal the denial of their motion to compel arbitration. By one issue, Gary asserts that appellees Daren and Dianne Wilder's fraud defense is not a valid basis to avoid arbitration. We reverse and remand.

## I. BACKGROUND

In 2015, the parties entered a written contract whereby Gary agreed to build an in-ground pool for the Wilders in exchange for the total price of $37,000. In 2016, the Wilders filed suit against Gary for breach of contract, fraudulent inducement, violation of the DTPA, and attorney's fees.

Gary filed a general denial and a motion to compel arbitration. Attached to Gary's motion was a copy of the parties' agreement ("the contract"). On the front, the contract recited the specifications for the Wilders' swimming pool, as well as various services necessary to complete construction. The front page of the contract also stated, "The general conditions to this agreement are on the back." On the back, the contract provided a list of twenty "General Conditions," one of which stated the following: "Any controversy or claim arising out of or relating to this contract or breach thereof or any claim whatsoever with Gary's including claims under the DTPA shall be settled by an onsite, binding Arbitration in accordance with the BBB Arbitration Rules."

The Wilders filed a response resisting arbitration. They asserted that Gary had fraudulently induced them to agree to the arbitration clause, along with other grounds for resisting arbitration which are not at issue on appeal.

At the hearing, both parties proffered the contract to the trial court as a two-sided document. However, the trial court heard testimony from Daren that, throughout the process of negotiating the contract, Gary's sales representative consistently referred him to a one-sided document that was "blank on the back," which Daren reviewed with his wife Dianne. Daren testified that as the salesman walked him through the contract, he

2

only discussed the terms listed on the front, and he "kept emphasizing that whatever was on the front of this document was the contract." Daren explained that when the negotiation was complete, the salesman then transcribed various specifications from the one-sided document onto another document, but he never disclosed that this second document had two sides. Instead, the salesman simply "put his finger on the document above where the signature line is and told me to sign." After Daren signed, Gary's salesman gave him a duplicate copy of the contract, but Daren testified that he did not notice the terms on the back, including the arbitration clause. Instead, Daren testified that he first became aware of the arbitration clause when Gary filed its motion to compel arbitration. On cross-examination, however, Daren conceded that just inches above his signature on the first page of the contract was a notice that the "general conditions to this agreement are on the back."

At the conclusion of the hearing, the trial court denied Gary's motion to compel. Gary appeals.

## II. DISCUSSION

By its sole issue, Gary argues that it met its initial burden to establish the existence of a valid arbitration agreement and that the Wilders' fraud defense does not offer valid grounds for avoiding arbitration.

### A. Standard of Review and General Applicable Law

We review an order denying a motion to compel arbitration under an abuse of discretion standard. *In re Labatt Food Serv., LP*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding). Under that standard, we defer to the trial court's factual

3

determinations if they are supported by the record, but we review the trial court's legal determinations de novo. *Id.* at 643. The question of whether an arbitration agreement is enforceable is subject to de novo review. *Id.*

A party seeking to compel arbitration must establish that the dispute falls within the scope of an existing agreement to arbitrate. *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014). Upon such proof, the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement. *Id.*

## B.    Existence of a Valid Arbitration Agreement

We first consider whether Gary met its initial burden to establish the existence of a valid arbitration agreement. The Wilders assert that Gary failed to satisfy this burden because while the contract was attached to Gary's motion to compel and was offered at the hearing, the contract was never formally admitted into evidence at the hearing. The Wilders contend that the record is therefore devoid of evidentiary support for the existence of an arbitration agreement.

However, the Wilders never disputed the existence of the contract or its arbitration clause before the trial court. Instead, the Wilders themselves offered the contract as an exhibit at the hearing, and Daren consulted the contract extensively during his testimony. *Cf. McInnes v. Yamaha Motor Corp., USA*, 673 S.W.2d 185, 188 (Tex. 1984) (holding that a party on appeal will not be heard to complain of improper evidence offered by the other side "when he, himself, introduced the same evidence").

Moreover, arbitrability proceedings are informal by default and by design, and evidentiary formality is usually required only when a material fact is in dispute:

4

Because the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily, we think it unlikely that the legislature intended the issue to be resolved following a full evidentiary hearing in all cases. We also envision that the hearing at which a motion to compel arbitration is decided would ordinarily involve application of the terms of the arbitration agreement to undisputed facts, amenable to proof by affidavit. With these considerations in mind, we hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

*In re Poly-Am., LP*, 262 S.W.3d 337, 354 (Tex. 2008) (orig. proceeding) (quoting *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding)).

Because the Wilders never disputed the existence of the contract or its arbitration clause, the fact that both parties proffered the contract was, for such an informal and summary proceeding, enough to satisfy Gary's burden. *See Venture Cotton*, 435 S.W.3d at 227. We conclude that Gary carried its initial burden to show the existence of an arbitration agreement between the parties. *See id.*

## C. Defense Against Enforcement of Arbitration

Once the party seeking arbitration has satisfied its initial burden, it becomes the burden of the party resisting arbitration to prove its defenses against enforcing an otherwise valid arbitration provision. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (per curiam) (orig. proceeding). Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

However, in order to avoid arbitration, a fraudulent inducement defense must focus specifically on the negotiation and acceptance of the arbitration provision in a contract,

not on the contract as a whole. *Shearson Lehman Bros., Inc. v. Kilgore*, 871 S.W.2d 925, 928 (Tex. App.—Corpus Christi 1994, orig. proceeding); *see Serv. Corp. Int'l v. Lopez*, 162 S.W.3d 801, 809 (Tex. App.—Corpus Christi 2005, no pet.). If a fraudulent-inducement defense attacks the broader contract, then the arbitrator, not a court, considers the matter. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 n.13 (Tex. 2008).

We have held that in order for a fraud defense to specifically relate to the arbitration provision and allow a party to avoid arbitration, there must be specific negotiations or representations concerning arbitration:

> Fraud is not sufficiently focused upon the arbitration agreement when a party merely fails to read the contract which contains an arbitration clause of which he is unaware. Even though that party may have been induced to sign the contract without reading it by someone with whom he has had prior agreements or oral understandings that did not include an arbitration agreement, if there have been no specific negotiations or representations concerning arbitration, any fraudulent inducement is considered to be directed at the signing of the contract generally and not at the arbitration clause within that contract.

*Shearson Lehman*, 871 S.W.2d at 928–29; *see In re Educ. Mgmt. Corp., Inc.*, 14 S.W.3d 418, 426 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (same).

Here, there was no evidence that the parties had any "specific negotiations or representations concerning arbitration." *See Shearson Lehman*, 871 S.W.2d at 929. Just the opposite, Daren testified that arbitration was never discussed in any form during negotiations. Rather, the Wilders' complaint is that Gary's salesman failed to disclose the back side of the contract, which contained twenty separate "General Conditions," only one of which related to arbitration. Thus, the Wilders are not protesting any fraud that relates specifically to the arbitration clause; instead, the alleged fraud relates to the contract as a whole—or at least half of it. *See id.* at 928. Because the Wilders'

6

complaint "attacks the broader contract," the merits of the Wilders' fraud defense must be resolved by the arbitrator rather than the court.   *See Forest Oil*, 268 S.W.3d at 56 n.13.

We conclude that the trial court therefore abused its discretion by denying Gary's motion to compel.   We sustain Gary's sole issue.

### III.   CONCLUSION

We reverse the trial court's order denying Gary's motion to compel arbitration and remand the matter to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of June, 2018.