

# NUMBER 13-19-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HOLT TEXAS, LTD., **Appellant,**

**v.**

EUSTACIO RUBIO D/B/A DELATA AGGREGATE
& LANDSCAPING MATERIALS, **Appellee.**

## On appeal from the 139th District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

In this interlocutory appeal, appellant Holt Texas, Ltd. (Holt) appeals the trial court's denial of its motion to compel arbitration in the lawsuit brought by appellee Eustacio Rubio d/b/a Delata Aggregate & Landscaping Materials (Rubio). By one issue, Holt argues the trial court erred when it denied its motion to compel arbitration. Because

none of the grounds relied upon by the trial court in denying the motion are valid, we reverse and remand for further proceedings consistent with this memorandum opinion.

## I. BACKGROUND

Rubio purchased a Caterpillar tractor from Holt on September 15, 2017 for a total price of $85,431.38. The parties executed a one-page sales agreement which contained an arbitration provision on the back. The provision states that the "Parties" agree to submit to arbitration "any dispute arising out of or relating to this transaction."

The tractor experienced issues and Rubio sent it to Holt for repairs. According to Rubio, after some initial repairs, Holt never disclosed the possibility that the engine could catch fire, and the tractor caught fire on April 4, 2018. Rubio sought to have Holt or Caterpillar fix or replace the tractor; however, according to Rubio, Holt and Caterpillar refused to pay for the costs of pick up and repair.

On May 18, 2018, Rubio filed suit against Holt, Caterpillar, Inc., and Caterpillar Financial Services Corporation asserting causes of action for breach of contract, breach of warranty, breach of implied warranty of good and workmanlike services, negligent misrepresentation, and fraud by omission.[1] Rubio attached a copy of the parties' sales agreement to his petition.

On June 25, 2018, Holt filed a general denial. On July 20, 2018, Caterpillar Financial Services Corporation filed a counterclaim against Rubio because he stopped making payments on the loan used to finance the purchase. On October 30, 2018, Holt filed a motion to compel arbitration under the Federal Arbitration Act (FAA) and motion to stay. At the hearing on Holt's motion to compel arbitration, the parties agreed to submit

---

[1] Caterpillar, Inc. and Caterpillar Financial Services Corporation are not parties to this appeal.

2

their dispute to mediation before the court considered whether to compel arbitration. The parties subsequently failed to agree to a resolution in mediation.

After another hearing, the trial court signed an order denying Holt's motion to compel arbitration. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (authorizing interlocutory appeal of order denying motion to compel arbitration under the FAA).

## II.   DISCUSSION

### A. Standard of Review

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *see Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, 494 S.W.3d 231, 238 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). However, we apply a de novo standard to legal conclusions because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *Id.* Thus, whether a party waived its right to arbitration and whether an arbitration agreement is invalid are questions of law we review de novo. *See Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015); *In re FirstMerit Bank*, 52 S.W.3d 749, 756 (Tex. 2001); *Okorafor*, 295 S.W.3d at 38.

### B. Analysis

By its sole issue, Holt argues the trial court erred when it denied its motion to compel arbitration. The order states Holt's motion was denied because the trial court concluded that: (1) the arbitration agreement is not clear as to the definition of the word

3

"Parties"; (2) Holt's affidavit failed to authenticate the parties' signatures on the sales agreement; (3) the arbitration agreement is illusory; (4) Holt waived arbitration by seeking affirmative relief and engaging in discovery; (5) Holt failed to list arbitration in its response to Rubio's requests for disclosures; (6) the arbitration agreement is unconscionable because it contains a fee-splitting provision; and (7) the agreement is unconscionable based on the totality of the circumstances.

### 1. "Parties" & Authentication of Signatures

As argued by Rubio in his response to the motion to compel, the trial court denied Holt's motion to compel arbitration, among other reasons, because the word "Parties" in the sales agreement was not defined and because Holt did not authenticate the signatures in the sales agreement. *See In re Guerrero*, 465 S.W.3d 693, 703–04 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc) ("The evidentiary standards for a motion to compel arbitration are the same as for a motion for summary judgment. Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence. A properly sworn affidavit stating that the attached documents are true and correct copies of the original authenticates the copies so they may be considered as summary judgment evidence." (citations omitted)). Holt argues that Rubio's arguments fail because Rubio judicially admitted that the sales agreement in question was executed by Rubio and Holt. We agree.

Assertions of fact in a party's live pleadings that are not pleaded in the alternative are regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (citing *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)). To be a judicial admission, a statement in a pleading must be deliberate, clear, and unequivocal. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per

4

curiam); *see PPG Indus. v. JMP/Hous. Ctrs. Partners*, 146 S.W.3d 79, 95 (Tex. 2004). A judicial admission is conclusive against the party making it, relieves the opposing party of the burden of proving the admitted fact, and bars the admitting party from disputing it when it is subject to an objection. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980); *see Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (noting that a judicial admission "occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary"); *Charles Brown, L.L.P. v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 900 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Here, the arbitration provision in the sales agreement states that the "Parties" agree to submit to arbitration, but the sales agreement does not define "Parties." However, in his live petition, Rubio states:

> Mr. Rubio purchased a 2017 Caterpillar 259D tractor, hereafter referred to as tractor, from Holt Truck Centers in Edinburg, Texas on September 15, 2017. The Sales Contract and Finance agreement is attached hereto as **Exhibit 1**, hereafter referred to as contract. Within the contract, Holt provided a 12 month warranty and 48 month powertrain warranty.

(emphasis in original). The sales contract attached as Exhibit 1 to Rubio's petition is identical to the one attached to Holt's motion to compel. And the statement by Rubio in his live petition deliberately, clearly, and unequivocally provides that Holt and Rubio were the parties who executed the sales agreement. *See Carter*, 817 S.W.2d at 687. Thus, Rubio's arguments regarding the authentication of the signatures and the definition of "Parties" fail because Rubio disputes judicially admitted facts. *See Wolf*, 44 S.W.3d at 568.

Rubio urges us to defer to the trial court's "factual determination" that the term "Parties" was not clear. We are not persuaded. Whether a contract is ambiguous is a

5

question of law. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 226 (Tex. 2003); *see Henry*, 551 S.W.3d at 115 (noting that we defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo). Here, there was no ambiguity as to the identity of the parties to the sales agreement.[2] In any event, even if the meaning of "Parties" were ambiguous on the face of the agreement, Rubio judicially admitted its meaning in his pleadings.

We conclude the trial court erred when it denied the motion to compel based on its conclusions that the word "Parties" was not defined and that Holt did not authenticate the signatures. *See Wolf*, 44 S.W.3d at 568; *Carter*, 817 S.W.2d at 687; *Okorafor*, 295 S.W.3d at 38; *see also David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 451 (Tex. 2008) (per curiam) (noting that whether a contract provision is ambiguous is determined by an examination of the contract as a whole in light of the circumstances when the parties entered into the contract).

### 2. Illusory Agreement

The trial court also denied Holt's motion to compel arbitration on grounds that the arbitration agreement was illusory. An illusory promise is a promise that makes the promisor's performance optional. *Lopez*, 467 S.W.3d at 505; *see In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010) (orig. proceeding) (per curiam) (noting that arbitration clause is illusory if a party can avoid its promise to arbitrate by amending or terminating the provision).

---

[2] Under the title "sales agreement," the document states "Holt Texas Ltd" and provides the business's address. The sales agreement then provides the information of the "customer" and states the customer is "Delta Aggegates [sic]" and the customer contact is "Eustacio Rubio." At the bottom, the sales agreement is signed by "sales manager" Andrew Burns and the "customer" listed is again "Delta Aggegates [sic]."

There are two types of challenges to an arbitration provision: (1) a specific challenge to the validity of the arbitration agreement or clause; and (2) a broader challenge to the entire contract, either on the ground that directly affects the entire agreement, or on the ground that one of the contract's provisions is illegal and renders the whole contract invalid. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 647–48 (Tex. 2009) (orig. proceeding). A court may determine the first type of challenge, but a challenge to the validity of the contract, and not specifically to the arbitration clause, must go to the arbitrator. *Id.* at 648; *see In re 24r, Inc.*, 324 S.W.3d 564, 566–68 (Tex. 2010) (orig. proceeding) (per curiam) (concluding that arbitration agreement was not illusory); *In re FirstMerit Bank*, 52 S.W.3d at 756 (noting that defenses of unconscionability, duress, fraudulent inducement, and revocation must specifically relate to the arbitration part of a contract and not the contract as a whole if they are to defeat arbitration, and the validity of the arbitration provision is a separate issue from validity of the whole contract).

Here, the sales agreement provides that "Holt shall have the right, at its option, to either repair or replace the Equipment, or terminate this Agreement, in which event the Equipment shall be returned to Holt." Rubio also points to section 14 of the sales agreement, which states: "This agreement may only be modified by a written agreement signed by Holt." The arbitration clause at issue is included within the sales agreement. At the trial court and on appeal, Rubio's cites to these sections of the sales agreement and argues that they render the arbitration clause illusory. However, these sections are applicable to the entire sales agreement, not just the arbitration clause at issue in this appeal. This reading is supported by the plain language of sections 1 and 14 which provides that the "agreement" may be terminated by Holt. In other words, the termination

7

sections apply to the sales agreement as a whole rather than to isolated parts such as the arbitration clause.

Because the termination provision applies to the entire sales agreement, a challenge based on the termination provision is a challenge to the entire contract, rather than a separate arbitration agreement or to a specific arbitration clause. *See In re Labatt*, 279 S.W.3d at 647–48; *see also Mission Petroleum Carries, Inc. v. Dreese*, No. 13-17-00102-CV, 2018 WL 1192773, at *2–3 (Tex. App.—Corpus Christi–Edinburg Mar. 8, 2018, no pet.) (mem. op.). Thus, the trial court abused its discretion when it addressed this question rather than allowing an arbitrator to decide it. *See In re Labatt*, 279 S.W.3d at 647–48; *In re Merrill Lynch Tr. Co.*, 235 S.W.3d 185, 190 n.12 (Tex. 2007) (orig. proceeding) (holding that defenses that relate to the parties' entire contract rather than the arbitration clause alone is a question for the arbitrators rather than the courts); *see also Dreese*, 2018 WL 1192773, at *2–3.

Rubio argues that Holt invited this error because it "agreed to have the trial court hear the arbitrability issues when it signed off on the agreed order" continuing the hearing on Holt's motion to compel and referring the parties to mediation. We disagree. The doctrine of invited error applies when a party requests that a trial court make a specific ruling and then complains about the ruling on appeal. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (orig. proceeding).

Here, Holt did not seek a specific ruling regarding whether the arbitration clause or the entire agreement was illusory.[3] Further, the agreed order provided that: "the parties

---

[3] Specifically, Holt's attorney stated: "Judge, what we're asking the Court to do is this: We'll agree to—the parties will agree to go to mediation within 30 days;" and "If—if we can't mediate the case, then the parties, or then the Plaintiff and Holt will have an opportunity to do one more briefing on the Motion to Compel Arbitration."

8

have until December 26, 2018 to mediate their disputes; and the Court hereby appoints Armando Marroquin as mediator"; "should this case not settle at mediation, the parties have until January 10, 2019, to file one additional brief in support or in opposition on Holt's Motion"; "the parties have until January 16, 2019 by which to file any objections to affidavits given in support or opposition to Holt's Motion;" and "*the Court will then consider Holt Texas, Ltd.'s Motion to Compel Arbitration* and Motion to Stay by submission . . . ." The only request Holt made to the trial court was that it allow the parties to attempt to resolve their dispute in mediation. Accordingly, the doctrine of invited error is inapplicable. *See id.*

### 3. Waiver

The trial court additionally concluded that Holt waived arbitration by seeking affirmative relief and engaging in discovery. On appeal, Rubio concedes that Holt did not waive arbitration by seeking affirmative relief and engaging in discovery. Accordingly, we conclude that the trial court erred when it denied the motion to compel arbitration on this ground. *See Okorafor*, 295 S.W.3d at 38.

### 4. Request for Disclosure

Next, the trial court concluded that Holt was precluded from enforcing the arbitration agreement because Holt failed to list arbitration in its response to Rubio's requests for disclosures. Rubio argued that Holt failed to list the "legal theory of arbitration" in its response to his disclosure request per Texas Rule of Civil Procedure 194.2(c). *See* TEX. R. CIV. P. 194.2(c) (providing that a "party may request disclosure of . . . *the legal theories* and, in general, the factual bases of the responding party's claims or defenses") (emphasis added). We disagree.

9

Arbitration is not a legal theory; it is part of the alternative dispute resolution process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.027(a)("[A]rbitration is a forum in which each party and counsel for the party present the position of the party before an impartial third party, who renders a specific award."); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011) ("[T]he informality of arbitral proceedings is itself desirable, reducing the cost and decreasing the speed of dispute resolution."); *LaLonde v. Gosnell*, __ S.W.3d __, __, 2019 WL 2479172, at *6 (Tex. June 14, 2019) ("Arbitration . . . cases involve rights that do not terminate the litigation; rather, those rights—at best—change the arena of dispute and, in doing so, may change the rules of engagement."); *Rachal v. Reitz*, 403 S.W.3d 840, 842 (Tex. 2013) ("[A]rbitration has become a mainstay of the dispute resolution process."); *see also In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 894 (Tex. 2010) (orig. proceeding) (noting that the purpose of arbitration is "to avoid steep litigation expense—including the costs of longer proceedings, more complicated appeals on the merits, discovery, investigation, fees, and expert witnesses"). Therefore, we conclude the trial court erred when it denied the motion to compel on the ground that Holt failed to list arbitration in response to Rubio's request for disclosure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.027(a); Tex. R. Civ. P. 194.2(c); *Okorafor*, 295 S.W.3d at 38.

### 5. Unconscionability

Finally, the trial court concluded in its order that the fee-splitting provision made the arbitration agreement substantively unconscionable and the arbitration agreement was procedurally unconscionable based on the totality of the circumstances.

Arbitration agreements may be either substantively or procedurally unconscionable, or both. *Lopez*, 467 S.W.3d at 499; *see In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002) (orig. proceeding) ("[C]ourts may consider both procedural and

10

substantive unconscionability of an arbitration clause in evaluating the validity of an arbitration provision."). Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision. *Lopez*, 467 S.W.3d at 499.

"An arbitration agreement may render a contract unconscionable if 'the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating [his or her] right in the arbitral forum.'" *In re Olshan*, 328 S.W.3d at 892. Arbitration is "intended as a lower cost, efficient alternative to litigation." *Id.* at 893; *see In re Poly-Am., LLP*, 262 S.W.3d 337, 347 (Tex. 2008) (orig. proceeding). "Where these justifications are vanquished by excessive arbitration costs that deter individuals from bringing valid claims, the unconscionability doctrine may protect unfairly disadvantaged consumers." *In re Olshan*, 328 S.W.3d at 893.

When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Id.* at 892. The Texas Supreme Court requires "*some* evidence that a complaining party will likely incur arbitration costs in such an amount as to deter enforcement of statutory rights in the arbitral forum." *Id.* This includes presenting evidence comparing the costs of litigation and of arbitration. *See id.* at 894–95; *see also AOF Servs., LLC v. Santorsola*, No. 13-14-00641-CV, 2016 WL 1165829, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2016, no pet.) (mem. op.) (concluding that party carried burden of showing that arbitration provision was unconscionable when the party presented evidence of arbitration costs, inability to pay for those costs, and why litigation

11

was affordable). "Once met, the burden shifts to 'the party seeking arbitration [who] must come forward with contrary evidence.'" *In re Olshan*, 328 S.W.3d at 895.

Here, attached to his response to Holt's motion, Rubio introduced into the record an exhibit showcasing arbitration fees from the American Arbitration Association that vary depending on the amount of the claim; an affidavit by Rubio stating he cannot afford to pay $5,500 for arbitration; and an estimate of arbitration fees from an unknown 2017 case showing a total cost of $5,600. For multiple reasons discussed below, Rubio failed to meet his burden with this evidence. *See In re Olshan*, 328 S.W.3d at 892.

First, merely showing that other claimants have incurred arbitration costs of some amount falls well short of specific evidence that Rubio will be charged excessive fees. *See id.* ("Evidence of the 'risk' of possible costs of arbitration is insufficient evidence of the prohibitive cost of the arbitration forum[; rather], both the United States Supreme Court and [the Texas Supreme] Court require specific evidence that a party will actually be charged excessive arbitration fees." (internal quotations omitted)). Second, there is no evidence that the amount or difficulty of Rubio's claim is similar to the estimate presented. *See id.* Third, even if we took this estimate as evidence of the likely arbitration charge to Rubio, he has not provided any comparison of this charge to the expected cost of litigation or the amount of his claim. *See id.* Finally, the arbitration provision here provided that: "Each party shall bear its own costs and attorney's fees *unless the arbitrators award such fees to a party*" (emphasis added). *See In re Poly-Am.*, 262 S.W.3d at 356 (noting that the party opposing arbitration may not even be obligated to pay any of the costs of arbitration because the arbitrator could modify the terms of payment).

For these reasons, we conclude Rubio did not carry his burden of showing that the arbitration costs would be excessive and would deter him from pursuing his claim in

arbitration. *See In re Olshan*, 328 S.W.3d at 894–95, 897 ("Substantive unconscionability threatens to become the exception that swallows the rule if all that must be done to avoid arbitration is to assume the most expensive possible scenario."); *see also US Money Reserve, Inc. v. Romero*, No. 09-18-00052-CV, 2018 WL 6542527, at *4–5 (Tex. App.—Beaumont Dec. 13, 2018, no pet.) (mem. op.).

As to the surrounding circumstances, Rubio argues that the arbitration clause was procedurally unconscionable because it was included on the back of the one-page sales agreement in "small font." Contrary to Rubio's argument, however, the font is nearly the same size as the font used throughout the entire sales agreement and, above the signature blocks on the first page, the agreement provides:

> ADDITIONAL TERMS AND CONDITIONS SET FORTH IN THE REVERSE SIDE HEREOF OR ATTACHED HERETO (AS APPLICABLE) CONSTITUTE AN IMPORTANT PART OF THIS AGREEMENT AND ARE INCORPORATED HEREIN VERBATIM FOR ALL PURPOSES. PLEASE REVIEW SUCH OTHER TERMS AND CONDITIONS BEFORE SIGNING THIS AGREEMENT.

Rubio also states in his affidavit that: he was not aware of the arbitration clause until his lawsuit was filed; Holt's salesmen did not explain what arbitration was before he signed the agreement; the arbitration clause was extremely difficult to understand; and he is not an attorney and was not represented by one. But, "absent fraud, misrepresentation, or deceit, one who signs a contract is deemed to know and understand its contents and is bound by its terms." *Lopez*, 467 S.W.3d at 500; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam) (concluding that a party who has the opportunity to read an arbitration agreement and signs it is charged with knowing its contents). While Rubio asserts that Holt's arbitration clause was "sneaky," he has not asserted any misrepresentation, fraud, or deceit by Holt in the execution of the arbitration agreement.

13

We conclude that the surrounding circumstances did not make the arbitration provision procedurally unconscionable. *See Lopez*, 467 S.W.3d at 500; *Mancias*, 934 S.W.2d at 90; *Whataburger Rests. LLC v. Cardwell*, 545 S.W.3d 73, 79–80 (Tex. App.—El Paso 2017, no pet.) (noting that the circumstances surrounding the negotiations must be "shocking" for procedural unconscionability). Therefore, the trial court erred when it denied Holt's motion to compel arbitration based on the grounds that the provision and surrounding circumstances were unconscionable.

### 6. Summary

Because none of the grounds relied upon by the trial court to deny Holt's motion to compel arbitration were valid, we conclude the trial court abused its discretion when it denied the motion. *See McAllen*, 268 S.W.3d at 56; *Okorafor*, 295 S.W.3d at 38. Holt's issue is sustained. We lift the stay on the trial court's proceedings previously imposed in this case.

### III.  CONCLUSION

We reverse the trial court's order and remand the case for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS<br>
Chief Justice

Delivered and filed the
12th day of March, 2020.

14