

In The
Court of Appeals
Seventh District of Texas at Amarillo

———————————

No. 07-21-00070-CV

———————————

IN RE CITY OF LUBBOCK, RELATOR

Original Proceeding
Arising From Proceedings Before the 140th District Court
Lubbock County, Texas
Trial Court No. 2020-421,049; Honorable Douglas H. Freitag, Presiding

September 2, 2021

CONCURRING OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

I concur with the majority in deciding that the City of Lubbock has no adequate legal remedy and rejecting the argument that the constitutionality of various parts of the Code of Criminal Procedure are under attack. I also agree with the majority's conclusion that the trial court did not abuse its discretion in entering the order at issue but do so for a different reason.

As the relator, the burden lay with the City to prove entitlement to a writ of mandamus. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig.

proceeding) (stating that "[m]andamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal"). That required it to illustrate that the order under attack constituted an instance of abused discretion. *Id.* Here, the order under attack directed the City to provide the trial court with the records sought by Rodolfo Zambrano for purposes of conducting an *in camera* review.[1] In so ordering, the trial court expressly reserved its decision on what to do with the records once inspected by it. Given this, the true issue involves the authority of the trial court to order the delivery of the records to it for its review. But, that is not what the City addressed. Instead, its argument concerns whether Zambrano could obtain discovery of the documents as part of a state criminal proceeding. That becomes relevant if, and only if, the trial court decides to allow Zambrano to view them, after it reviews them *in camera*. Until the court so decides, the City's arguments are premature. The argument being premature and the trial court having yet to decide whether to release the items to anyone else, we cannot tell it whether to release them to Zambrano. *See In re Surovik,* No. 07-20-00371-CV, 2021 Tex. App. LEXIS 1704, at *11 (Tex. App.–Amarillo Mar. 8, 2021, orig. proceeding) (mem. op.) (stating that our "mandamus authority does not include directing a court how it must rule on a matter presently before it"). In turn, that leads me to agree with the majority that the City failed to establish an instance of abused discretion.

---

[1] The aspects of the order pertinent to this concurring opinion are: 1) "[t]he Court further ORDERS that both the Defendant and the City of Lubbock Police Department (through City Attorney's Office) be notified prior to the release of any records outside of the *in-camera* inspection, ***in the event that Court determines release should occur after an in-camera inspection is concluded***"; 2) "[t]he Court reserves the right to issue any protective order, or otherwise restrict further dissemination of the records referenced herein (including but not limited to redaction of the records), if the Court deems necessary, ***in the event that the Court determines any record should be released***"; and, 3) "[a]ny records tendered to the Court for *in-camera* inspection, ***shall remain under seal*** unless and until otherwise ordered by the Court." (Emphasis added).

Another omission I deem pertinent also concerns the absence of explanation. The explanation implicates standing. That is, it would behoove the City to explain its standing to invoke provisions of the Texas Code of Criminal Procedure pertaining to discovery in a criminal proceeding to which it is not a party. The criminal proceeding is between the State of Texas and Zambrano, and the criminal infraction underlying it falls outside the City's criminal jurisdiction. Yet, to impede disclosure of the records, the City attempts to stand in the shoes of the State by invoking argument concerning the permissible scope of discovery in the State's prosecution of Zambrano. That, at first blush, would seem to be a battle that only the State could wage. Why the City has standing to wage it on behalf of the State should be explained, in my view. At the very least, the State should be afforded opportunity to participate in resolution of the discovery dispute, especially since the controversy is now part of the public record.

In short, I too would deny the City's petition for writ of mandamus.


Brian Quinn
Chief Justice